## Rainey, Appellant, v. Morgan.

*Sales—Mining machinery—Recovery of purchase price—Assumpsit—Affidavit of defense—Sufficient averments.*

In an action of assumpsit to recover money paid by plaintiffs to defendant for four machines for mining and loading coal, where the statement of claim set forth a contract by which the machines were to be furnished to plaintiffs at cost, and put in position in order to demonstrate their work, and averred that though payments had been made by plaintiffs to defendant, only two machines had been furnished, which were useless for the purpose intended, and that there was an implied warranty that the machines would do the work for which they were ordered, an affidavit of defense is sufficient which avers that defendant was induced to enter into the contract by plaintiffs' manager who was familiar with mining machinery and believed that the machines could be used in plaintiffs' mine; that during the construction of the machines, plaintiffs' manager had required a change of power which had greatly increased the cost, and that defendant had expended in the construction of the machines more than they had received from plaintiffs, who had countermanded their order after two machines were delivered.

Argued April 13, 1913. Appeal, No. 92, Jan. T., 1913, by plaintiff, from order of C. P. Fayette Co., June T., 1912, No. 77, discharging plaintiff's rule for judgment for want of a sufficient affidavit of defense. Before FELL, C. J., BROWN, MESTREZAT, POTTER and ELKIN, JJ. Affirmed.

Assumpsit to recover money paid under a contract for the purchase of certain machines. Rule for judgment for want of a sufficient affidavit of defense. Before VAN SWEARINGEN, J.

The opinion of the Supreme Court states the facts. The court discharged the rule. Plaintiff appealed.

*Error assigned* was in discharging the rule.

*E. C. Higbee,* of *Sterling, Higbee & Matthews,* with him, *J. G. Carroll,* for appellants.

*W. J. Sturgis,* of *Reppert, Sturgis & Morrow,* for appellee.

PER CURIAM, June 27, 1913:

This appeal is from an order discharging a rule for judgment for want of a sufficient affidavit of defense. The action was to recover back money paid the defendant for making for the plaintiffs four machines for mining and loading coal. By the written agreement between the parties the machines were to be similar to a machine made by the defendant for another mine owner and then in use, with such changes as might be decided upon by the defendant and the plaintiff's manager, to whom the specifications were to be submitted. They were to be furnished at cost and "put in place and position as soon as possible in order to demonstrate their abilities." It was alleged in the statement of claim that only two of the four machines had been furnished and that they were useless for the purpose intended. The main ground on which a recovery was sought was that there was an implied warranty that the machines would do the work for which they were ordered.

It was averred in the affidavit of defense that the defendant was induced to enter into negotiations with the plaintiffs by their manager who was familiar with mining machinery and had examined an experimental machine made by the defendant and believed a similar machine could be used in plaintiff's mine; that during the construction of the machines the manager required a change in power from electricity to compressed air in order that the machine could be used in gaseous mines and that this change greatly increased the cost, and that the defendant had expended in the construction of the machines an amount largely in excess of the money received from the plaintiff who countermanded their order

after two machines had been delivered.  These aver-
ments were sufficient to prevent judgment.  The agree-
ment itself indicates at least that the undertaking was
joint and experimental.

The order refusing judgment is affirmed.